# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Joe Hand Promotions, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Robert D. Whitecotton and Tonya J. Whitecotton, individually, and Daylight Donuts of Wagoner, Inc., <br><br> Defendants. | Case No. 11-CIV-172-RAW |

## ORDER

Before the court is Plaintiff's Motion for Default against All Defendants [Docket No. 25]. The Clerk's Entry of Default was entered in this action on August 19, 2011 and November 7, 2011 against Defendants Tonya J. Whitecotton, Robert D. Whitecotton, and Daylight Donuts of Wagoner, Inc. (collectively, "Defendants") [Docket Nos. 14 and 21]. Plaintiff's Motion for Entry of Default Judgment and documentation in support thereof was filed on February 14, 2012 [Docket Nos. 25 and 26] and served on the Defendants. The Defendants have not entered an appearance or responded in writing to the action. Plaintiff certifies that all requirements for entry of default judgment pursuant to Federal Rule Civil Procedure 55 have been made.

Plaintiff requests the maximum amount of statutory and enhanced damages pursuant to 47 U.S.C. § 605, which authorizes a court to impose up to $10,000 in statutory damages

1

and up to $100,000 in enhanced damages if the defendant acted willfully to intercept the broadcast. A court must determine what amount of damages would compensate Plaintiff and punish Defendants for any illegal conduct.

Plaintiff provided the affidavit of an investigator who entered the premises during the night of the broadcast (Exhibit 2 to Docket No. 26]. The investigator states that Defendants did not request a cover charge to enter the premises, that approximately 45-48 people were present at the time, and that the program was displayed on four televisions.

Courts should consider several factors to determine whether a defendant's willful conduct justifies increased damages: (1) repeated violations over an extended period of time; (2) substantial unlawful monetary gains; (3) advertising of the broadcast; (4) charging of a cover charge or premiums for food and drinks; or (5) plaintiff's significant actual damages. Zuffa, LLC v. Al-Shaikh, 2011 WL 1539878, *8 (S.D. Ala. Apr. 21, 2011). Further, a court must "strike a balance between deterring other incidents of piracy by these defendants and others, and not making the award such that it will put a small business out of business (at least for a first offense)." Id. The court finds that Plaintiff's Motion for Default Judgment should be GRANTED, and that Plaintiff should be awarded statutory damages in the amount of $2,500, as well as $2,500 for enhanced damages.

**IT IS HEREBY ORDERED AND ADJUDGED that JUDGMENT** be entered against Defendants Tonya J. Whitecotton, Robert D. Whitecotton, and Daylight Donuts of Wagoner, Inc. and in favor of Joe Hand Promotions, Inc. for violations of 47 U.S.C. §§ 605(e)(3)(c)(i)(II) & (c)(ii) in the amount of **$5,000.00 plus costs in the amount of $515.00 and attorneys' fees in the amount of $1,425.00** pursuant to 47 U.S.C. § 605(e)(3)(B)(iii).

IT IS SO ORDERED this 27th day of February, 2012.

**Dated this 27th day of February, 2012.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma